UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

C<small>ASE</small> N<small>O</small>._____ 1:18cv25110 _____

VALENTINA OULIA,

Plaintiff,

vs.

FLORIDA DEPARTMENT OF
TRANSPORTATION,
Defendant.
 _____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, VALENTINA OULIA, (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel and sues the Defendant, FLORIDA DEPARTMENT OF TRANSPORTATION (hereinafter referred to as "Defendant") and states as follows:

### I. INTRODUCTION

1. This is an action by Plaintiff against her former employer, Defendant, for violation of the overtime provision, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, *et. seq.* (FLSA") to recover unpaid overtime owed to Plaintiff.

2. Pursuant to section §216(b) of the FLSA, Plaintiff also seeks liquidating damages and attorney's fees and costs from Defendant for violation of the FLSA.

3. Additionally, Plaintiff brings this action under the common law for the breach of contract and unjust enrichment.

## II. JURISDICTION AND VENUE

4. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 201, *et. seq*. This Court has original jurisdiction over the FLSA claims pursuant to 29 U.S.C. Section 216(b) under 28 U.S.C. §1331, supplemental jurisdiction over the Florida common law claims, pursuant to 29 U.S.C. §1367.

5. Pursuant to 28 U.S.C. §1391, venue is proper in the United States District Court for the Southern District of Florida, Miami Division, because the events giving rise to Plaintiff's claims occurred in Miami-Dade County, Florida.

## III. PARTIES

6. Plaintiff, Valentina Oulia, is a former employee, who was employed by Defendant during the period of June 15, 2018 to October 1, 2018. Plaintiff resides in Homestead in Miami-Dade County, Florida.

7. Defendant is an "employer" as defined under sections 29 U.S.C. §203(d) and is a "public agency" as defined under 29 U.S.C. §203(x), and has its business location in the Miami-Dade County, Florida.

## IV. GENERAL ALLEGATIONS

8. On or about June 15, 2018, Plaintiff was hired by Defendant on a full-time basis as a nonexempt employee.

9. Plaintiff's job description was titled as "Financial Services Analyst," Accountant IV. (*See* attached Exhibit "A").

10. Plaintiff's regular scheduled hours were supposed to be from 8 a.m. to 5 p.m., 40 hours a week with an hourly rate of $21.11 per hour.

11. According to Plaintiff's job description, the payroll function was supposed to be only 5% of her accounting duties. However, Plaintiff had to perform 100% of payroll function instead.

12. Because of a heavy workload, Plaintiff had to come to work before 8 a.m. or leave her work after 5 p.m., thus working overtime without being compensated.

13. Additionally, Defendant knew or was aware about Plaintiff's working overtime, including her lunch break, because Defendant's supervisor and manager were present at a time when Plaintiff started her daily duties.

14. As of now, Plaintiff was not being compensated for working overtime for Defendant.

15. Defendant was unjustly enriched at Plaintiff's expense because for months Plaintiff worked for Defendant without receiving pay for her overtime work.

## COUNT I
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT UNDER FEDERAL LAW

16. Plaintiff re-alleges and incorporates herein the allegations contained in paraphrases 1 through 15.

17. During Plaintiff's employment, Defendant repeatedly and willfully violated Section 7 of FLSA by failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate at which Plaintiff was employed for workweeks in excess of forty (40) hours per week.

WHEREFORE, pursuant to 29 U.S.C. §216(b) Plaintiff respectfully demands a judgement against Defendants for the following:

a) Unpaid overtime wages to be due and owing;

b) Additional equal amount to the unpaid wages found to be due and owing as liquidated damages;

c) Prejudgment interest in the event liquidated damages are not awarded;

d) Reasonable attorney's fees and costs; and,

e) Such other relief this Court deems just and equitable.

## COUNT II
## BREACH OF CONTRACT

18. Plaintiff re-alleges and incorporates herein the allegations contained in paraphrases 1 through 15.

19. This action brought pursuant to and arising under Florida Statutes 448 and Florida common law.

20. Defendant knowingly and willfully failed to pay Plaintiff for overtime work performed during the course of employment under the contract terms.

21. Pursuant to Chapter 448.08, <u>Florida Statutes</u>, Plaintiff is entitled to reasonable attorney's fees and costs.

WHEREFORE, Plaintiff respectfully requests judgement against Defendant for damages, prejudgment interest, reasonable attorney fees and costs, and such other relief this Court may deem proper.

## PLAINTIFF DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

DATED this 6th Day of December, 2018.    Respectfully submitted,

By: /s/ *ANNA V. PEREKOTIY, ESQ.*
ANNA V. PEREKOTIY, ESQ
SUNRISE LAW FIRM, PLLC
20801 Biscayne Blvd, Suite 403
Miami, Florida 33180
(305) 515-0718
Email: anna@sunriselawfirm.com
Florida Bar No. 1003681
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 6, 2018 a true and correct copy of the foregoing was served via Fax and USPS mail on all counsel or parties of record on the Service List below:

By: /s/ Anna V. Perekotiy, Esq.

## SERVICE LIST

| | |
|---|---|
| Florida Department of Transportation | Florida Department of Transportation |
| Central Office | Office of the General Counsel |
| Erik R. Fenniman | Adrienne D. Soule, Esq. |
| 605 Suwannee Street, M.S. 58 | Haydon Burns Building |
| Tallahassee, FL 32399-0458 | 605 Suwannee Street, M.S. 58 |
| Tel: 850-414-4100 | Tallahassee, FL 32399-0458 |
| | Fax: 850-414-5264 |