United States District Court
for the
Southern District of Florida

| Valentina Oulia, Plaintiff, | ) |
| --- | --- |
| | ) |
| v. | ) |
| | ) Civil Action No. 18-25110-Civ-Scola |
| | ) |
| Florida Department of | ) |
| Transportation, Defendant. | ) |

**Order on Defendant's Motion to Dismiss**

This matter is before the Court on Defendant's motion to dismiss the Plaintiff's First Amended Complaint. (ECF No. 22.) The Plaintiff timely responded (ECF No. 26) and the Defendant replied (ECF No. 28.) Upon review of the record, the relevant caselaw, and the parties' submissions, the Court **grants in part and denies** in part the Defendant's motion. (**ECF No. 22**.)

**I.     Background**

Plaintiff Valentia Oulia filed a two-count complaint against the Defendant for violation of the Equal Pay Act, 29 U.S.C. § 206(d), and for breach of contract. (ECF No. 20.) Oulia alleges that that the Defendant hired her to work from 8:00 a.m. to 5:00 p.m. five days a week. (*Id.* at ¶ 11.) Because of a heavy workload, she worked more than her required 40 hours per week. (*Id.* at ¶ 13.) The Defendant knew that Oulia was working overtime but did not compensate her for overtime. (*Id.* at ¶¶ 13-15.) Oulia alleges that a male coworker, Mr. Huang, was being compensated for his overtime while performing the same or substantially the same duties. (*Id.* at ¶ 15.)

The Defendant moves to dismiss Count I of the complaint arguing that the Equal Pay Act ("EPA") does not create a cause of action for unpaid overtime compensation. (ECF No. 22 at 4.) The Defendant also moves to dismiss Count II arguing that the Plaintiff has not sufficiently alleged the existence of a written contract between Oulia and the Defendant. (*Id.* at 6.)  The Plaintiff, in response, argues that the Court should not dismiss the complaint because the EPA creates a cause of action for unpaid overtime compensation and she has sufficiently alleged a written contract between the parties to sustain a breach of contract claim. (ECF No. 26.)

**II.    Legal Standard**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all the complaint's allegations as true,

construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing the legal sufficiency of a complaint's allegations, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must . . . contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Bell Atlantic Corp*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## III. Analysis

### A. Count I – Equal Pay Act

Count I of the Plaintiff's complaint is for violation of the EPA. (ECF No. 20 at 5.) To state a claim under the EPA, the Plaintiff must show that the "employer pays different wages to employees of opposite sexes for equal work on jobs the performance of which requires equal skill, effort and responsibility, and which are performed under similar working conditions." *Chancey v. Southwest Fla. Water Mgmt. Dist.*, No. 95-2027-CIV-T-17C, 1997 WL 158312, at *8 (M.D. Fla. March 17, 1997). The statute specifies that "[f]or purposes of administration and enforcement, any amounts owing to any employee which have been withheld in violation of this subsection shall be deemed to be unpaid minimum wages or unpaid overtime compensation under this chapter." 29 U.S.C. § 206(d)(3). Furthermore, damages under the EPA include "unpaid minimum wages or [ ] unpaid overtime compensation, as the case may be." *Id.* at § 216(b).

The Defendant does not address § 206(d)(3) and argues that § 216(b) provides for *damages* under the EPA, not a cause of action for unpaid overtime compensation. (ECF No. 28 at 5.) The Court disagrees. Under a plain reading of these two sections, it appears that the statute contemplates an EPA complaint premised on unpaid overtime compensation. *See, e.g., Chancey*, 1997 WL 158312 at *9. Reading it otherwise would render § 206(d)(3) meaningless. *See*

*Bouchard Transp. Co. v. Updegraff*, 147 F.3d 1344, 1351 (11th Cir. 1998) ("we avoid statutory constructions that render provisions meaningless").

In *Chancey v. Southwest Fla. Water Mgmt. Dist.*, the female plaintiffs argued that their employer violated the EPA because they were excluded from overtime assignments that remained available to the male employees. 1997 WL 158312 at *9. The Court rejected their claim because the employer's overtime policy required employees to apply for overtime and plaintiffs did not establish that they applied for overtime pay and were denied. *Id.* at *9. "In other words, Plaintiffs do not allege, as to overtime, [that] the male [employees] were doing equal work for more pay than Plaintiffs. Therefore, any EPA claim as to overtime must fail." *Id. See also Barvick v. Cisneros*, 941 F. Supp. 1007, 1014 (D. Kan. 1996) ("the plaintiff has the burden to produce evidence indicating that . . . female employees were paid overtime for work for which the plaintiff was denied overtime compensation."). Unlike the plaintiffs in *Chancey*, Oulia properly alleged that she was not compensated for overtime work while her male counterpart was. (ECF No. 20 at ¶ 15.) This is sufficient to state a claim under the EPA. Accordingly, the Court denies the Defendant's motion to dismiss as to Count I.

The Defendant also moves to strike portions of the Plaintiff's request for damages in Count I. (ECF No. 22 at 5.) Damages under the EPA include unpaid minimum wages, unpaid overtime compensation, liquidated damages, and reasonable attorney's fees. 29 U.S.C. § 216(b). Plaintiff also seeks pre-judgment interest, punitive damages, and compensatory damages. (ECF No. 20 at 5.) The Defendant moves to strike these portions of the complaint as they are not authorized under the statute. (ECF No. 22 at 6.)

First, unpaid wages or overtime compensation are a measure of compensatory damages. *See Wallace v. Dunn Const. Co., Inc.*, 62 F.3d 374, 379 n.5 (11th Cir. 1995) (noting that § 216 provides for "liquidated and compensatory damages for violation of the EPA"); *see also Futran v. Ring Radio Co.*, 501 F. Supp. 734, 741 (D. Ga. 1980) (awarding liquidated damages in the amount equal to compensatory damages under the EPA). However, the Plaintiff seeks compensatory damages "including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries." (ECF No. 20 at 5.) "The language of the statute, however, does not provide relief in the form of . . . compensatory damages for pain and suffering or emotional distress." *Bolick v. Brevard Cty. Sheriff's Dept.*, 937 F. Supp. 1560, 1566 (M.D. Fla. 1996). Therefore, the Court strikes the portion of the complaint seeking compensatory damages in the form of pain and suffering.

Second, prejudgment interest is not available when the court awards liquidated damages. *Hall v. Siemens VDO Automotive,* No. 06-cv-1208-SLB, 2009

WL 10688740, at *14 (N.D. Ala. Sept. 29 2009). At this juncture, the Court does not know whether it will award liquidated damages. Therefore, the Court will not strike the request for pre-judgment interest in the complaint.

Lastly, the EPA does not authorize punitive damages. *Bolick*, 937 F. Supp. at 1566-67. Accordingly, the Court strikes the Plaintiff's request for punitive damages.

### B. Count II – Breach of Contract

Count II of the Plaintiff's complaint is for breach of her employment contract. (ECF No. 20 at 5.) The Defendant's motion to dismiss argues that the Plaintiff's claim for breach of contract must be dismissed because the Plaintiff fails to allege that she has an express written contract with the Defendant. (ECF No. 22 at ¶ 14.) The Plaintiff, in response, attaches a "Position Description" document and a letter confirming her employment with the Florida Department of Transportation as evidence of her contract with the Defendant. (ECF Nos. 26-1, 26-2.) Upon review, the Court agrees with the Defendant.

As an initial matter, the "Court's analysis is generally limited to the four corners of the plaintiff's complaint and the attached exhibits." *Cocoon v. Philip Stein Holding, Inc.*, No. 09-20893, 2009 WL 10668274, at *1 (S.D. Fla. Aug. 11, 2009) (O'Sullivan, Mag. J.). However, "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, the Court may consider the documents as part of the pleadings for purposes of Rule 12(b)(6) dismissal." *Id.* at *4. Here, the only reference to the Plaintiff's "contract" with the Defendant is the following sentence: "Defendant knowingly and willfully failed to pay Plaintiff for overtime work performed during the course of employment under the contract terms." (ECF No. 20 at ¶ 30.) The Plaintiff barely references the contract and makes no mention of the employment letter received from the Defendant or the Position Description. Therefore, the Court will not consider these additional documents attached to the Plaintiff's Opposition. *See Cocoon*, 2009 WL 10668274 at *4.

With regard to whether the complaint, with its passing reference to a contract, sufficiently states a claim for breach of contract, the Court holds that it does not. To state a claim for breach of contract against a state agency, the Plaintiff must plead the existence of an "express, written contract. . . which the state agency has the statutory authority to enter." *City of Fort Lauderdale v. Israel*, 178 So. 3d 444, 446 (Fla. 4th DCA 2015). The Plaintiff's singular reference to a "contract" fails to sufficiently allege that there was an express, written employment agreement between herself and the Defendant and that the Defendant breached the terms of that agreement. Accordingly, the Court dismisses Count II of the complaint.

## IV. Conclusion

Based on the foregoing, the Court **grants in part and denies in part** the Defendant's motion (**ECF No. 22**). The Court **denies** the Defendant's motion as to Count I and **grants** the Defendant's motion as to Count II. Count II is dismissed without prejudice.

**Done and ordered** at Miami, Florida, on May 24, 2019.

Robert N. Scola, Jr.
United States District Judge