UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-25110-CV-SCOLA/TORRES

VALENTINA OULIA,

  Plaintiff,

v.

FLORIDA DEPARTMENT OF TRANSPORTATION

  Defendant.

_____/

REPORT AND RECOMMENDATION
ON PLAINTIFF'S MOTION TO STRIKE

Before this Court is a Motion to Strike affirmative defenses asserted by Defendant FLORIDA DEPARTMENT OF TRANSPORTATION ("Defendant") in its Answer to Plaintiff's Second Amended Complaint. Having reviewed the motion, filed by Plaintiff VALENTINA OULIA on October 28, 2019, [D.E. 82], the motion should be **GRANTED in part** and **DENIED in part**.

## I.   BACKGROUND

Plaintiff filed a Second Amended Complaint against Defendant for violations of the Equal Pay Act, 29 U.S.C. § 206(d); § 216(b) and § 215(a)(3). [D.E. 53]. Defendant hired Plaintiff to work from 8:00 a.m. to 5:00 p.m. five days a week. [*Id.* at ¶ 10]. Because of a heavy workload, she worked more than her required 40 hours per week. [*Id.* at ¶ 12]. Defendant apparently knew that Plaintiff was working

overtime but did not compensate her for overtime. [*Id.* at ¶¶ 13-14]. Plaintiff alleges that a male coworker, Mr. Huang, was being compensated for his overtime while performing the same or substantially the same duties. [*Id.* at ¶ 14]. After Plaintiff asked her manager why Mr. Huang was paid overtime, but she was not, Plaintiff alleges she was fired and discriminated against by Defendant based on her complaints. [*Id.* at ¶¶ 19, 21, 23].

Defendant answered the Second Amended Complaint on October 20, 2019. [D.E. 62]. On October 28, 2019, Plaintiff moved to strike the "Defendant's Defenses and Affirmative defenses"[1] because they "confuse the issues of the case, [are] immaterial, [are] scandalous, cannot succeed under any sets of facts, and/or insufficiently pleaded." [D.E. 82]. Defendant opposes the relief sought and to that end filed a response on November 12, 2019. [D.E. 89]. Plaintiff's reply followed on November 19, 2019, [D.E. 96], and the matter is now ripe for disposition.

## II.   LEGAL STANDARD

Rule 12 of the Federal Rules of Civil Procedure permits a party to strike an insufficient defense. *See* Fed. R. Civ. P. 12(f). An affirmative defense is one that "admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters." *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013). The purpose of an affirmative defense is to give the opposing party notice of an issue to allow it to prepare to litigate the issue raised.

---

[1]   Defendant muddles the use of "defenses" and "affirmative defenses." In its reply, Defendant states its answer contains some "defenses, and some [] affirmative defenses," but goes on to label each a "defense."

*Losada v. Norwegian (Bahamas) Ltd.*, 296 F.R.D. 688, 691 (S.D. Fla. 2013) (citing *Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1998)). The striking of an affirmative defense upon a Rule 12 motion is considered to be a drastic remedy that courts generally disfavor. *Electronic Comm. Tech., LLC v. Clever Athletics Co.*, 221 F. Supp. 3d 1366, 1367 (S.D. Fla. 2016).

There currently exists a split in authority as to whether affirmative defenses should be subject to the plausibility standard set forth and expounded upon by the Supreme Court in *Twombly* and *Iqbal*. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). We are of the view that affirmative defenses must be held to the same pleading scrutiny imposed by Rule 8's "plausibility" standard, and routinely require that a party allege additional facts to support its affirmative defenses. *See, e.g., Tokio Marine Specialty Ins. Co. v. Ramos*, 2019 WL 4573258 (S.D. Fla. Sept. 20, 2019); *Amerikooler, LLC v. Americooler, Inc.*, 2018 WL 6523503, at *1 (S.D. Fla. July 5, 2018). Thus, affirmative defenses must articulate enough facts to raise a plausible right to relief on the assumption that the facts asserted in the affirmative defense are true, *Twombly*, 550 U.S. at 555-56, and "bare bones conclusory allegations" will be deemed insufficient. *Losada*, 296 F.R.D. at 690.

### III.   ANALYSIS

Plaintiff argues that all of Defendant's affirmative defenses should be stricken. Before addressing each of Plaintiff's arguments regarding the affirmative defenses, we address Plaintiff's additional argument that Defendant's denial in paragraph 1 should be stricken as moot. Plaintiff argues this issue was already adjudicated by

3

the Court's Order on Defendant's Motion to Dismiss. [D.E. 37]. Defendant is only making a denial of a fact that was not specifically addressed at the motion to dismiss stage of the original complaint. Thus, Defendant's response in paragraph 1 should not be stricken.

### A. *Affirmative Defenses I, II, XIV, & XV are precluded by the FLSA*

Plaintiff argues that Defendant's first, second, fourteenth, and fifteenth affirmative defenses fail to provide enough facts and amount to conclusory statements. We agree in part.

Defendant's first two affirmative defenses provide enough facts to show Plaintiff failed to mitigate her damages. Defendant's fourteenth and fifteenth affirmative defenses similarly provide enough facts to demonstrate that Plaintiff did not notify Defendant that she was underpaid and discriminated against prior to filing her complaint.

However, FLSA/Equal Pay Act claimants seeking unpaid wages are under no duty to mitigate damages. *See Gonzalez v. Spears Holdings, Inc.*, 2009 WL 2391233, at *3 (S.D. Fla. July 31, 2009) (striking an affirmative defense in a FLSA § 216(b) case that stated "[p]laintiff had a duty to mitigate damages and provide notice to Defendant of hours allegedly worked"); *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1319 (S.D. Fla. 2005) (striking a duty to mitigate damages defense because there is no requirement to mitigate overtime wages under the FLSA). And there is no requirement under the FLSA for a plaintiff to provide notice of an alleged violation prior to bringing suit. *Morrison*, 434 F. Supp. 2d at 1319. Because

4

Plaintiff's claims fall under the FLSA and there is no duty to mitigate damages nor provide notice, Defendant's first, second, fourteenth, and fifteenth affirmative defenses should be stricken.

### B. *Affirmative Defenses III, IV, V, IX, X, XII, XIII, & XVI are Denials*

Plaintiff asserts that Defendant's third, fourth, fifth, ninth, tenth, twelfth, thirteenth, and sixteenth affirmative defenses should be stricken as conclusory statements that are devoid of supportive facts and/or bring up matters beyond the pleadings. Defendant, regarding its third affirmative defense, contends it is impossible to provide supportive facts as it is just denying that it discriminated against Plaintiff based on her sex and thus no facts could possibly be proffered as the allegation is not true. Defendant does not explicitly call its fourth, fifth, ninth, tenth, twelfth, thirteenth, or sixteenth affirmative defenses denials, but they also read like denials of Plaintiff's claims.

Denials of an allegation are not considered affirmative defenses, however. *See Pujals ex rel. El Rey de los Habanos, Inc. v. Garcia*, 777 F. Supp. 2d 1322, 1328 (S.D. Fla. 2011) ("[a] defense which points out a defect in the Plaintiff's prima facie case is not an affirmative defense.") (quoting *In re Rawson Food Serv. Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988)); *Catch Curve, Inc. v. Integrated Glob. Concepts, Inc.*, 2012 U.S. Dist. LEXIS 191367, at *11 (N.D. Ga. July 26, 2012) (striking affirmative defenses that are denials of Plaintiff's prima facie claim). Defendant's third, fourth, fifth, ninth, tenth, twelfth, and thirteenth affirmative defenses should stricken because they are denials.

5

### C. *Affirmative Defenses VI, VII, VIII, & XI (Unclean Hands & Estoppel)*

Plaintiff then argues that Defendant's affirmative defenses of "unclean hands" and estoppel – the sixth, seventh, eighth, and eleventh affirmative defenses[2] – should be stricken as a matter of law.[3] Unclean hands and estoppel are acceptable affirmative defenses under the FLSA under certain circumstances. *Dionisio v. Ultimate Images & Designs, Inc.*, 391 F. Supp. 3d 1187, 1196 (S.D. Fla. 2019). "Binding precedent in this Circuit establishes that the affirmative defense of estoppel is available in response to an FLSA claim where the employee affirmatively misleads the employer regarding the number of hours worked and the employer had no knowledge of the employee's actual hours." *McGlothan v. Walmart Stores, Inc.*, 2006 WL 1679592, at *2 (M.D. Fla. June 14, 2006) (citing *Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972)). This general rule regarding estoppel is narrowly applied when a plaintiff is seeking overtime compensation in excess of the number of hours reported. *See, e.g., Gonzalez,* 2009 WL 2391233, at *3; *Merriweather v. Latrese & Kevin Enters., Inc.,* 2009 U.S. Dist. LEXIS 48974, at *4 (M.D. Fla. May 28, 2009).

Here, Defendant's sixth affirmative defense asserts that Plaintiff failed to report all hours worked to Defendant and thus is estopped from bringing her FLSA claims. It is unknown at this point whether Defendant knew or should have known

---

[2] Defendant labels each of these affirmative defenses as unclean hands and estoppel, but the sixth defense is estoppel, and the seventh, eighth, and eleventh are unclean hands.

[3] Plaintiff also contends that these affirmative defenses should be stricken for being scandalous and derogatory to Plaintiff; these arguments are plainly erroneous and warrant no analyses.

of Plaintiff's claimed overtime work, and so striking this estoppel defense would be premature. *McGlothan*, 2006 WL 1679592, at *2. Accordingly, Defendant's sixth affirmative defense should not be stricken.

Defendant's seventh and eighth affirmative defenses are premised on Plaintiff's unclean hands for her two violations of Defendant's company policies: (1) working overtime without permission, and (2) falsely certifying her timesheet. To assert unclean hands as an affirmative defense, "the defendant must demonstrate that the plaintiff's wrongdoing is directly related to the claim against which it asserted." *Pujals*, 777 F. Supp. 2d at 1332 (quoting *Royal Palm Props., LLC v. Premier Estate Props., Inc.*, 2010 WL 3941745, at *2 (S.D. Fla. Oct. 6, 2010)). Additionally, a defendant must allege that it suffered a personal injury because of a plaintiff's conduct. *Aidone v. Nationwide Auto Guard, LLC*, 295 F.R.D. 658, 661 (S.D. Fla. 2013). Further, unclean hands cannot be asserted by a defendant once it is established that it had knowledge of an employee's unpaid overtime work. *Bailey v. TitleMax of Georgia, Inc.*, 776 F.3d 797, 799 (11th Cir. 2015).

Defendant argues it was injured because these violations caused Defendant to violate the FLSA. Defendant's failure to report her overtime is plainly related to her claims of being underpaid. Because it is unknown whether Defendant knew or should have known of Plaintiff's overtime work and Defendant has demonstrated the two elements to assert unclean hands, Defendant's seventh and eighth affirmative defenses should not be stricken.

Defendant's eleventh affirmative defense is also based on Plaintiff's unclean hands for omitting on her employment application her previous employment at the Florida Department of Financial Services in 2016 — a position she was allegedly terminated from after less than fourth months. Defendant claims it would never have hired her if this information was disclosed on Plaintiff's employment application. This hiring decision, however, is not *directly* related to Plaintiff's claim of being underpaid. This affirmative defense would be better suited for a claim based on hiring bias, which this is not. Therefore, Defendant's eleventh affirmative defense should be stricken.

### D.    *Affirmative Defense XVII (After-Acquired Evidence)*

Plaintiff argues that Defendant's seventeenth affirmative defense, premised on the after-acquired evidence doctrine, should be stricken as a matter of law. This Circuit applies the after-acquired evidence doctrine to retaliation claims under the Equal Pay Act. *Wallace v. Dunn Const. Co.,* 62 F.3d 374, 377 (11th Cir. 1995). Under this doctrine, the burden is on the employer to prove that "the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone. *Holland v. Gee*, 677 F.3d 1047, 1065 (11th Cir. 2012) (quoting *Mckennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 362-63 (1995)). Further, an "employee's misrepresentations in a job application" permits the application of the doctrine, just as "employee wrongdoing during employment" does. *See Wallace,* 62 F.3d at 379 (finding that an employing lying on her job application about her prior conviction was severe enough to invoke the after-acquired evidence doctrine).

Defendant contends (1) that it would have never hired Plaintiff for not disclosing her previous employment at the Florida Department of Financial services in 2016, and (2) it would have terminated her employment for violating two company policies when she did not accurately report her overtime. The fact that Plaintiff was terminated by another state of Florida agency for failure to perform her duties after only four months, if true, is severe enough that Defendant would not have hired her if it had knowledge of it. Consequently, Defendant's seventeenth affirmative defense should be stricken.

## IV. CONCLUSION

For the foregoing reasons, it is hereby **RECOMMENDED** that Plaintiff's Motion to Strike should be **GRANTED in part** and **DENIED in part**. The Motion to Strike Affirmative Defense Nos. 1, 2, 3, 4, 5, 9, 10, 11, 12, 13, 14, 15, and 16 should be **GRANTED**; the request to strike Defendant's response in paragraph 1 and Defense Nos. 6, 7, 8 and 17 should be **DENIED**.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. *See* 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton*

*v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Comm'r of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 30th day of January, 2020.

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

10