United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Valentina Oulia, Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 18-25110-Civ-Scola |
| ) | |
| Florida Department of ) | |
| Transportation, Defendant. ) | |

### Order Denying the Plaintiff's Motion for Reconsideration

This matter is before the Court on the Plaintiff's motion for reconsideration of the Court's Order granting summary judgment in favor of the Defendant. (Order, ECF No. 140; Pl.'s Mot., ECF No. 141.) The Defendant responded to the motion. (Def.'s Resp., ECF No. 143.) The Plaintiff filed no reply and the time to do so has passed. Having considered the motion, the response, the record, and the relevant legal authorities, the Court denies the motion.

The decision to grant or deny a motion for reconsideration is committed to the Court's sound discretion. *See Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000) (reviewing reconsideration decision for abuse of discretion). Reconsideration is appropriate only in very limited circumstances, such as where "the Court has patently misunderstood a party, where there is an intervening change in controlling law or the facts of a case, or where there is manifest injustice." *See Vila v. Padron*, No. 04-20520, 2005 WL 6104075, at *1 (S.D. Fla. Mar. 31, 2005) (Altonaga, J.). "Such problems rarely arise and the motion to reconsider should be equally rare." *See id.* (citation omitted). In order to obtain reconsideration, "the party must do more than simply restate its previous arguments, and any arguments the party failed to raise in the earlier motion will be deemed waived." *See id.* "[A] motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.). The Court denies the motion because it improperly raises new (and immaterial) evidence and ultimately rehashes arguments already raised and rejected.

With respect to the Plaintiff's discrimination claim, the Court concluded that the Plaintiff did not satisfy her *prima facie* burden under the Equal Pay Act. (ECF No. 140 at 4.) That claim was supported by improper citations to her pleading, as opposed to record evidence. Now the Plaintiff seeks reconsideration of the Court's finding that the Defendant advanced a legitimate

and unchallenged basis (*i.e.*, a time sensitive project) for paying overtime compensation to the Plaintiff's comparator. (ECF No. 141 at 7.) To that end, the motion for reconsideration makes a blanket assertion that "[t]**his is not a valid reason for not compensating Ms. Oulia for her time worked**." (*Id.* (emphasis in original).) But bold emphasis is no substitute for legal authority and evidence. To the extent the motion to reconsider is based on counsel's arguments in a brief, it is even less compelling than the inadequate opposition to the motion for summary judgment.

In an apparent concession that the Plaintiff failed to cite competent evidence demonstrating that she actually worked overtime, the Plaintiff now cites additional evidence in the motion for reconsideration that was not cited in opposition to the motion for summary judgment. (Ex. A, ECF No. 141-1.) In this respect, the Plaintiff's motion runs afoul of the well-established and recently reaffirmed rule that "a motion for reconsideration is not a vehicle for introducing evidence that could have been raised prior to the entry of judgment." *Grange Mut. Cas. Co. v. Slaughter*, 958 F.3d 1050, 1056 (11th Cir. May 1, 2020) (affirming denial of motion for reconsideration based on new evidence) (citation and quotations omitted). The new evidence consists of emails purporting to establish that the Plaintiff "had to come to work before 8 a.m. and left after 5 p.m." (ECF No. 141 at 5.)

In addition to being procedurally improper, this evidence is frankly absurd. For example, as evidence that the Plaintiff worked overtime, the motion attaches a "New Employee Announcement" email sent by the Plaintiff at 7:53 a.m. (seven minutes before her scheduled start time) to her fellow colleagues, which lists her hobbies such as "riding bicycle along the beach" and "sharing meal[s] in good restaurant[s] with my friends . . . ." (Ex. A, ECF No. 141-1 at 6.) The Court is confused as to how this trivial email establishes that the Plaintiff was required to and in fact did "work" overtime and was thereafter denied overtime compensation on the basis of her gender. Moreover, the email, which could just as easily have been sent during regular working hours, was sent by the Plaintiff *three weeks* after a manager asked her to "please [send] a short write up about your previous experience, education, heritage, hobbies, or anything else you would like to share with the FDOT team." (*Id.*) If her email serves any purpose, it is to further support the Defendant's position that the Plaintiff was terminated from her employment because she took an inordinate amount of time to complete her assigned tasks.

The Plaintiff's retaliation claim meets the same fate as the discrimination claim, again. In short, the Plaintiff claimed that her supervisor retaliated against her for undertaking certain protected activity. But that claim failed because, as the Court found, the Plaintiff did not show that the supervisor was

aware of the protected activity prior to the purported retaliation. The motion for consideration also fails because the Plaintiff again ignores the Defendant's legitimate and non-discriminatory bases for terminating the Plaintiff. In other words, even if the Plaintiff made out a *prima facie* case, she failed and still makes no attempt to rebut the Defendant's showing that the basis for her termination was nevertheless valid.

Accordingly, the Court **denies** the motion (**ECF No. 141**.)

**Done and ordered** at Miami, Florida, on June 2, 2020.

_____
Robert N. Scola, Jr.
United States District Judge