United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Valentina Oulia, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 18-25110-Civ-Scola |
| | ) |
| Florida Department of Transportation, Defendant. | ) |

### Order

This matter is before the Court on the Plaintiff's response in opposition to the Defendant's motion to tax costs. (Pl.'s Resp., ECF No. 148.) Although the underlying motion was referred to Judge Torres shortly before the response was filed, the Court will address the response's suggestion that the Court should have recused itself from this matter pursuant to 28 U.S.C. § 455(a). (*Id.*) Hours after the Defendant's reply was filed, the Plaintiff filed a surreply purportedly pursuant to Local Rule 7.1. (ECF No. 150.) However, Local Rule 7.1 provides that after a reply memorandum of law is filed, "[n]o further or additional memoranda of law shall be filed and served *without prior leave of Court.*" (S.D. Fla. L.R. 7.1(c)(1) (emphasis added).) Although the surreply is not properly before the Court as it was filed without prior leave of Court, the Court notes that the surreply repeats the Plaintiff's position that the Court should have recused itself from this matter. The Court will not ignore the unfounded accusation of bias, notwithstanding that no formal motion was filed. Instead, the Court construes the Plaintiff's allegations as a motion to recuse and for the foregoing reasons that motion is denied.

28 U.S.C. § 455(a) requires a judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The Plaintiff's allegation of personal bias rests "[s]pecifically" on the fact that defense counsel, Mr. Whitelock, "has been practicing before the same Court for nearly over a decade." (ECF No. 148 at 1.) The surreply further complains that "Mr. Whitelock never disclosed that he has been practicing before this Court for over 25 years." (ECF No. 150 at 3.) The Plaintiff cites no authority, and the Court doubts any exists, for the categorical proposition that judges cannot impartially preside over cases involving attorneys who have been admitted to the Court for 10, 25, or any number of years. The Court also rejects the bias claim to the extent it is based on the Plaintiff's disagreement with the Court's adjudication of her case. *Draper v. Reynolds*, 369 F.3d 1270, 1279 (11th Cir.

2004) ("The United States Supreme Court has instructed that 'judicial rulings alone almost never constitute a valid basis for a basis or partiality motion.'") (quoting *Liteky v. United States*, 510 U.S. 540, 55 (1994)). The Court also wishes to take the opportunity to share that it harbors no personal animus or bias towards the parties or their counsel. The Court's orders in this case only reflect efforts to fairly and correctly apply the law to the facts of the case.

Finally, the Court rejects the Plaintiff's argument that the use of the word "absurd" evidences any hostility that would call into question the Court's impartiality. (*See* ECF No. 148 (quoting Order Denying Recons., ECF No. 145 at 2).) For the reasons set forth in the Order Denying Reconsideration, the Court fairly characterized a particular argument as "absurd." The appropriate use of that term has a well-established history in jurisprudence. For example, in *Arawak Aviation, Inc. v. Indem. Ins. Co. of N. Am.*, 285 F.3d 954 (11th Cir. 2002), the Eleventh Circuit described a party's proposed contractual interpretation as "absurd." *Id.* at 957. Similarly, in *In re Evergreen Sec., Ltd.*, 570 F.3d 1257 (11th Cir. 2009), the Eleventh Circuit described a party's attenuated argument for recusal as "absurd." *Id.* at 1265 (upholding sanctions against attorney who, in bad faith, filed motion to recuse that lacked factual support).

Accordingly, insofar as the Plaintiff seeks recusal, that request is **denied**. (**ECF Nos. 148, 150**.)

**Done and ordered** at Miami, Florida, on June 11, 2020.

*[signature]*
Robert N. Scola, Jr.
United States District Judge