UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-25110-CV-SCOLA/TORRES

VALENTINA OULIA,

    Plaintiff,

v.

FLORIDA DEPARTMENT OF TRANSPORTATION

    Defendant.

_____/

## REPORT AND RECOMMENDATION
## ON DEFENDANT'S MOTION TO TAX COSTS

This matter is before the Court on FLORIDA DEPARTMENT OF TRANSPORTATION'S ("Defendant") motion for taxable costs against VALENTINA OULIA ("Plaintiff"). [D.E. 144]. Plaintiff responded in opposition to the motion on June 4, 2020 [D.E. 148] to which Defendant replied to on June 10, 2020 [D.E.149].[1] Therefore, the motion is ripe for disposition.[2] After careful review of the motion and supporting record, the motion should be **GRANTED in part** and **DENIED in part**.

---

[1] On June 10, 2020, Plaintiff filed a new response to its motion that substantively mirrored her originally response. [D.E. 149]. The only changes in the new response address a dispute between the counsels of record that has nothing to do with this motion. For example, Plaintiff's counsel notes that Defendant's counsel has been pressuring her to withdraw by "making faces" and "laughing outload at the depositions". As such, we do not consider the new response in this R&R.

[2] On June 4, 2020, the Honorable Robert N. Scola, Jr. referred this motion to the undersigned Magistrate Judge for disposition. [D.E. 147].

## I. BACKGROUND

Plaintiff brought this action against Defendant for violations of the Equal Pay Act and the Fair Labor Standards Act. [D.E. 1, 53]. Ultimately, on April 30, 2020, the Court granted Defendant's motion for summary judgment. [D.E. 140]. Plaintiff then moved for reconsideration [D.E. 141], and the Court denied such motion on June 2, 2020. [D.E. 145]. On the same day, the Court entered judgment in favor of Defendant against Plaintiff and directed the clerk of the court to close the case. [D.E. 146].

## II. APPLICABLE PRINCIPLES AND LAW

Under Fed. R. Civ. P. 54(d)(1), a prevailing party is entitled to recover costs as a matter of course unless directed otherwise by a court or statute. A strong presumption exists in favor of awarding costs. *Id.* A court may tax as costs those expenses enumerated in 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) (absent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in § 1920). "To defeat the presumption and deny full costs, a district court must have a sound basis for doing so." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000). A court should not take into consideration the relative wealth of the parties, as it would undermine the presumption that Rule 54(d)(1) creates in favor of the prevailing parties. *Id.*[3]

---

[3]   The following costs are permitted under 28 U.S.C. § 1920:
(1)   Fees of the clerk and marshal;
(2)   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3)   Fees and disbursements for printing and witnesses;

Upon the filing of a timely motion or bill of costs, which sets forth in detail the amounts requested, the opposing party has the burden of showing that the requested costs fall outside the scope of this statute or are otherwise unreasonable. *See, e.g., Eugene v. 3Don & Partner Estate Group, LLC*, 2009 WL 996016, at *14 (S.D. Fla. Apr. 14, 2009) (finding that the burden lies with the challenging party to show that depositions were not related to an issue in the case at the time they were taken, and thereby show they were not wholly or partially "necessarily obtained for use in the case.").

### III.   ANALYSIS

Defendant seeks $6,994.99[4] in taxable costs pursuant to 28 U.S.C. § 1920, consisting of (1) $5,874.99 in deposition transcript fees, (2) $190 in expert fees, and (3) $930 in service of process fees. As an initial matter, there is no dispute that Defendant is the prevailing party in this case because the Court entered final judgment in Defendant's favor on June 2, 2020. [D.E. 146]. It is equally clear that the Court has subject matter jurisdiction over this case based on the underlying record and that Defendant conferred with Plaintiff under the Local Rules. As such,

---

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

[4]   Defendant moved for $8,098.74 in total costs, but in its reply, Defendant waived its request for costs related to printing and reproduction ($243.75) and reduced its request for expert fees from $1,050.00 to $190.00.

3

we need only consider whether Defendant's costs are recoverable under 28 U.S.C. § 1920.

Beginning with Defendant's request for costs related to deposition transcripts, courts have held that these costs are recoverable under 28 U.S.C. § 1920. *See Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1338 (S.D. Fla. 2009) ("Under the statute, recoverable costs include deposition transcript costs and attendance fees of the court reporter or per diem.") (citing *Ferguson v. Bombardier Serv. Corp.*, 2007 WL 601921, at *4 (M.D. Fla. Feb. 21, 2007)). However, the deposition must have been necessary, and "[i]n determining the necessity of a deposition, the deposition must only appear to have been reasonably necessary at the time it was taken, regardless of whether it was ultimately used at trial." *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1292 (S.D. Fla. 2015) (citing *EEOC v. W & O, Inc.,* 213 F.3d 600, 620-21 (11th Cir. 2000)). And "[t]he burden lies with the challenging party to show that the deposition was not related to an issue in the case at the time it was taken." *Id.* (citing *EEOC*, 213 F.3d at 621).

Seven individuals were deposed in this case, and when you include Plaintiff's first scheduled deposition – that ended in a dispute before reaching the merits of the case – there are costs associated with eight depositions. Plaintiff opposes Defendant's request for the costs associated with six of the depositions, including both of her scheduled depositions.

We start with the background on why Plaintiff had two depositions. The first one was scheduled for October 17, 2019, and Defendant notified Plaintiff that it would

4

be taken by video. Plaintiff then moved for a protective order to stop the deposition from being taken by video, but on October 7, 2020, the Court terminated the motion and instructed the parties to schedule a discovery hearing to resolve the matter if they could not reach a resolution on their own first. [D.E. 80]. The parties proceeded with the scheduled deposition, but when Plaintiff arrived she objected to the presence of a Ms. Anamari Martinez. Defendant never provided Plaintiff notice that Ms. Martinez would be present. The parties could also not resolve their disagreement about the deposition being taken by video.

As a result, a discovery hearing was set before the Court to resolve the two issues. Prior to the hearing, Defendant ordered the transcript of the initial deposition and forwarded it to the Court. After hearing the arguments of the parties and reviewing the briefing on the disputes, the Court, on December 23, 2019, denied Defendant's motion for Ms. Martinez to be present and ordered that the deposition could be taken by video. [D.E. 109]. Plaintiff's second deposition was thus taken shortly thereafter on January 7, 2020. This delay in scheduling the second deposition resulted in an amended scheduling order. The new order set the cutoff for discovery, dispositive motions, and expert discovery to January 22, 2020, February 5, 2020, and March 20, 2020 respectively and moved the trial back to March 26, 2020.

Plaintiff does not dispute that deposing her was necessary. But she opposes (1) the costs associated with the first deposition ($622.66) because she did not receive notice that Ms. Martinez would be present and the transcript was not necessary, and (2) the costs associated with expediating the second deposition's transcript ($784.98)

5

because it was not necessary as trial was over two months away. Defendant asserts that the costs associated with the first deposition are taxable because the Court referenced the transcript in the discovery hearing and it prevailed on the issue of taking the deposition by video. The Defendant also argues it was necessary for the second deposition's transcript to be expedited (4-day service), so it could finalize its motion for summary judgment before February 5, 2020.

We agree with Plaintiff that the costs associated with the first deposition's transcript are not taxable. First, the Court did not need and did not rely on the transcript in ruling on the merits of the discovery dispute. The issues of Ms. Martinez being present at the deposition and the deposition being taken by video were resolved without the deposition transcript as the Court relied on their oral arguments at the discovery hearing and their briefs. Nor was the transcript useful in any other way to the case as it just captured the parties arguing over the discovery issues.

Second, Defendant failed to provide Plaintiff notice that Ms. Martinez would be present prior to her arrival at the deposition. Because the general rule is that only parties may attend depositions, Defendant was in the position to resolve the potential dispute prior to having Plaintiff arrive at the deposition. And ultimately, the Court agreed with Plaintiff that Ms. Martinez should not be present at the deposition, so Defendant should not be taxed for Defendant's losing argument. Thus, the first deposition was not reasonably necessary until the parties resolved the two issues. *See Katz*, 127 F. Supp. at 1292. Accordingly, Plaintiff should not be entitled to the $622.66 in costs associated with Plaintiff's first scheduled deposition.

On the other hand, we agree with Defendant that it is entitled to recover its costs associated with the transcript for Defendant's second deposition because it was necessary. *See Procaps v. Patheon Inc.*, 2016 WL 411017, at *3 (S.D. Fla. Feb. 2, 2016) ("If an expedited or rough transcript was necessary, the cost is recoverable."). It was necessary because the deposition was taken on January 7, 2020 and the deadline to file dispositive motions was only 28 days away. *See Barrera v. Weise & Woolrich Southern*, 900 F. Supp. 2d 1238, 1335 (S.D. Fla. 2012) (finding expedited transcripts necessary if the depositions occurred within 30 days of a deadline or motion because the short timeframe required expedited services). Even though Defendant did not prevail on the issue of Ms. Martinez's being present, it still prevailed on getting the deposition taken by video, so a delay of the deposition was not solely the result of Defendant's actions.

Next, Plaintiff opposes the costs related to the deposition transcripts of Ms. Martinez, Ms. Deborah Gray, Mr. Simon Huang, and Plaintiff's expert witness, Mr. Borislav Stavrev. These depositions were clearly necessary at the time they were taken because Defendant relied on the depositions of Ms. Martinez and Ms. Gray in its motion for summary judgment and all four individuals were identified by Plaintiff as witnesses in support of her case in chief. Because we conclude that the transcripts were necessary at the time they were taken, Defendant should be entitled to the costs incurred for these deposition transcripts.

In a similar vein, Plaintiff opposes Defendant's request for $1,050.00 in expert witness fees in its entirety because Mr. Stavrev's expert deposition was not used in

7

Defendant's motion for summary judgment. In reply, Defendant reincorporates its argument that deposing Mr. Stavrev was necessary because he was identified by Plaintiff as her expert witness. Defendant also decided to reduce its request for expert fees to $190.00, which includes the statutory witness attendance fee of $40.00 and travel expenses of $150.00. Because deposing Mr. Stavrev was necessary, Plaintiff is entitled to the $40.00 fee for deposing him. *See Cronin v. Wa. Nat. Ins. Co.*, 980 F.3d 663, 672 (11th Cir. 1993) ("[I]t is settled that expert witness fees may not exceed the statutory per diem provided in 28 U.S.C. § 1821."); *Tejeda v. Swire Properties, Inc.*, 2019 WL 8160724, at *5 (S.D. Fla. Dec. 26, 2019), *report and recommendation adopted*, 2020 WL 1062975 (S.D. Fla. Mar. 5, 2020) (reducing a request for expert witness fees to $40 per day); *Tillman v. Advanced Public Safety, Inc.*, 2018 WL 5768570, at *12 (S.D. Fla. Nov. 2, 2018) ("Expert witness fees are not recoverable as costs under Section 1920 in excess of the statutory allowable witness fee of $40 per day.") (citation omitted).

Defendant's request for $150.00 in travel expenses is not well taken, however. The invoice provided by Defendant shows that Mr. Stavrev charged $150.00 for "Travel Time (8.28am-9:31am)". [D.E. 144-2, p. 12]. Courts generally "allow an additional $5 above the $40 maximum to compensate for a witness's travel time." *See HRCC, Ltd. v. Hard Rock Cafe Int'l (USA), Inc.*, 2018 WL 1863778, at *10 (M.D. Fla. Mar. 26, 2018). Because the invoice shows that Mr. Stavrev only charged for the *time* it took him to travel to attend his deposition and did not charge for any travel

8

*expenses*, we find that Defendant should only be entitled to $45.00 in expert witness fees.

Last, Defendant seeks $930.00 in service of process costs, which includes $260.00 to serve Mr. Stavrev, $135.00 for Ms. Scarlet Aldana, and $295.00 for Ms. Swendy Ariyanayagam. Courts have repeatedly held that service of process costs are recoverable under 28 U.S.C. § 1920. *See EEOC,* 213 F.3d at 623. The only caveat is that fees for service of a summons and subpoenas may only be taxed to the extent that they do not exceed the statutory fees authorized in section 1921.

Defendant claims that these three individuals were identified as witnesses by Plaintiff, so service of process for them was necessary. However, the witness list attached to Defendant's reply does not include Ms. Aldana nor Ms. Ariyanayagam and Defendant makes no other argument why they needed to be served. Further, Defendant fails to explain why the costs associated with the service of process exceeds the statutory cap of $65 per hour. *See* 28 C.F.R. § 0.114 ("For process served or executed personally—$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses."); *see also Stone v. Hendry*, 2020 WL 2772002, at *2 (S.D. Fla. May 26, 2020) (noting that the cost of a private process server pursuant to 28 U.S.C. § 1921(b) is capped at $65). Defendant therefore should only be entitled to $65 in service of process fees for serving Mr. Stavrev.

We conclude that Defendant's motion for taxable costs should be **GRANTED in part** and **DENIED in part** with a total award of $5,362.33 in taxable costs.

## IV. CONCLUSION

For these reasons, **RECOMMEND** that Defendant's motion for taxable costs [D.E. 144] be **GRANTED in part** and **DENIED in part** and that Defendant be awarded $5,362.33 in taxable costs.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. *See* 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Comm'r of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 19th day of August, 2020.

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge