United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Valentina Oulia, Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 18-25110-Civ-Scola |
| ) | |
| Florida Department of ) | |
| Transportation, Defendant. ) | |

### Order Adopting Magistrate's Report and Recommendations

This matter was referred to United States Magistrate Judge Edwin G. Torres for a report and recommendation on the Defendant's motion for costs. On August 19, 2020, Judge Torres issued a report, recommending that the Court grant in part and deny in part the motion and award the Defendant costs in the amount of $5,362.33. (R. & R., ECF No. 157.) The Plaintiff, who has been proceeding *pro se* since her attorney withdrew from the matter after the motion was filed but before the report was issued, has filed a "motion" to oppose the report and recommendations. (ECF No. 158.) The Court construes that "motion" as an objection, which the Court now overrules.

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones,* 863 F.2d 815, 822 (11th Cir. 1989) (alterations omitted); *see also U.S. v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009) ("[A] party that wishes to preserve its objection must . . . pinpoint the specific findings that the party disagrees with."). The objections must also present "supporting legal authority." Local Mag. J. R. 4(b). To the extent a party fails to object to parts of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.,* 170 F.3d 734, 739 (7th Cir. 1999)).

The objection briefly rehashes some of the merits of the order granting summary judgment in the Defendant's favor, it explains that the Plaintiff's counsel represented her pursuant to a contingency agreement, that this was a stressful case for the Plaintiff and her counsel, and that it would be the "[m]ost fair decision . . . to dismiss the costs." (ECF No. 158.) However, at no point does it "pinpoint" any findings regarding the costs award, much less substantively disagree with them or present supporting legal authorities.

Accordingly, having reviewed the report and recommendation, and finding it to be cogent and compelling, the Court **affirms and adopts** Judge Torres's report and recommendation (**ECF No. 157**). The Court **grants in part** the Defendant's motion for costs (**ECF No. 144**). Consistent with the report, the Court awards **$5,362.33** in costs to Defendant Florida Department of Transportation to be paid by Plaintiff Valentina Oulia.

**Done and ordered** at Miami, Florida, on September 15, 2020.

_____
Robert N. Scola, Jr.
United States District Judge